Argued January 24; affirmed February 20, 1934

# BURROWES *v.* SKIBBE

(29 P. (2d) 552)

*A. C. Fulton,* of Astoria (G. C. & A. C. Fulton, of Astoria, on the brief), for appellant.

*Paul R. Harris,* of Portland (Davis & Harris, of Portland, on the brief), for respondent.

BELT, J. This is an action to recover damages for personal injuries resulting from an automobile accident. The cause was submitted to a jury and a

verdict returned in favor of plaintiff for $8,000. From a judgment based thereon the defendant appeals.

■ Defendant asserts error in the overruling of objection to the following question asked Dr. Frank M. Taylor, as expert witness on behalf of the plaintiff: "From your examination of the patient, would you say her complaints are fanciful or real?" The doctor answered, "I think they are real." There is no dispute as to the qualifications of the witness to testify as an expert. He had known the plaintiff for 25 years and was called to see her a few days after the accident. Thereafter, the plaintiff was under the care and treatment of the doctor for a period of several months. Prior to the admission of the challenged testimony, the witness had testified concerning the nature of the injuries and his diagnosis of the same. We see no valid objection to the question. The doctor was entitled to state his conclusion as to whether the injuries of the plaintiff were fanciful or real. The use of the word "complaints" in framing the question was not strictly proper, but, in the light of the record, we are convinced that the jury was not misled. The doctor made no reference to the question of negligence. He was talking about the extent of plaintiff's injuries. The authorities are in general accord that an expert witness may properly express his opinion as to whether pain complained of by one whom he has attended in a professional capacity is real, imaginary, or feigned: *Van House v. Canadian Northern Railway Company*, 155 Minn. 57 (192 N. W. 493, 28 A. L. R. 357), and numerous authorities cited in note thereto. *Reid v. Yellow Cab Company*, 131 Or. 27 (279 P. 635, 67 A. L. R. 1), is not to the contrary.

■ Error is predicated on the ruling of the court in permitting Dr. Taylor, over the objection of defend-

ant, to testify as to his "reading" of a radiograph in a hospital by means of an illuminated box. The radiograph had previously been received in evidence. As nearly as we can ascertain the purport of defendant's objection, it is based upon the failure to have the illuminated box in the courtroom so that the jurors might have the opportunity of using it. Counsel for defendant, in their brief, say, "This testimony without the production of this box was surely incompetent." There was no cross-examination of the witness relative to the matter and the defendant made no effort to produce an illuminated box. It seems to us that the objection is trivial. A somewhat analogous question arose in *Marion v. B. G. Coon Const. Co.*, 157 App. Div. 95 (141 N. Y. S. 647), and the court in disposing of the same said:

"Another point urged by the appellant—the one concerning the X-ray pictures—will upon examination, I believe, be found to be without merit. A careful reading of all the medical evidence and the other evidence as to injuries will show that the plaintiff was substantially injured. One of the plaintiff's witnesses, Dr. Gardner, swears: 'I was present when the [X-ray] pictures were taken, saw them taken, saw them developed and looked at the plates immediately after they were developed.' Thus their identity and correctness were established. Then the doctor proceeds to tell what the pictures show. Another physician, Dr. Tinker, also tells what he thinks the plates show. There was no demand made by the defendant for the production of the plates; no hint or suggestion that they were desired. They were, in fact, in court, so the plaintiff states in his brief. I can see no error at all in this X-ray incident. The evidence shows that nobody but an X-ray expert could tell anything from the plates, and that if they had been produced they would have done the court, jury or the defendant's ordinary physicians no good. I do not think that the doctrine that an ordinary photograph is the best evidence of what it contains should be

applied to X-ray pictures. They constitute an exception to the rule concerning ordinary documents and photographs, for the X-ray pictures are not, in fact, the best evidence to laymen of what they contain. * * * The opinion of the expert is the best evidence of what they contain—the only evidence. If there had been a demand for these pictures in court, or a request that they be submitted to the inspection of the opposing experts, and these rights had been denied the defendant, such an error would be serious. But whatever harm befell the defendant, if there was any harm at all, came to it by reason of its own failure to demand what it was entitled to, and what it would unquestionably have received by the mere asking.''

The position of the plaintiff is based upon a stronger statement of facts than that of the above cited case in that the radiograph introduced in evidence was taken by the physician who testified on behalf of the defendant and it was explained to the jury by the witnesses who testified for the plaintiff and by those called on behalf of the defendant. Also, see, *Miller v. Dumon*, 24 Wash. 648 (64 P. 804); *Judejko v. Chicago City Ry. Co.*, 166 Ill. App. 140. If defendant's contention is sound, a doctor who had made a fluoroscopic examination of a patient could not testify as to the results of his examination without bringing his fluoroscope into court. We see no merit in this assignment.

■ The third assignment of error is based upon the following portion of the record, wherein a witness who observed the accident was being interrogated by counsel for plaintiff:

''Q. Did the driver of this other car, Mr. Skibbe, make any statements?

''A. Yes, he told—

''Q. (Interrupting) Just a minute. I want to caution this witness about something, your Honor.

"Mr. G. C. Fulton: I object to all of this by-play. I understand just exactly what he is up to.

"Mr. Norblad: I would like to instruct this witness what to answer. He may make an improper answer, your Honor.

"The Court: You may confer with the witness."

From other portions of the record we glean that counsel for plaintiff desired to caution the witness to prevent his injecting into the case the question of liability insurance. If the witness had stated in the presence of the jury that the defendant had said he was insured, unquestionably, defendant, with greater reason, would be complaining. The entire matter was a question within the discretion of the trial court and we see no abuse thereof under the facts and circumstances.

■■ Fourth assignment of error: It is claimed that the court erred in sustaining objection to the following question asked on cross-examination of the witness Harry Samuels. "You were guessing at it because you were hurt. Isn't that the size of it?" Mr. Samuels was the driver of the automobile in which plaintiff was riding and had testified relative to the accident. In our opinion the question was argumentative in character. It was within the discretion of the court to thus limit the cross-examination. Counsel for defendant had been given a full and fair opportunity to cross-examine the witness concerning what he knew of the collision. It is a well settled rule that the range of cross-examination is largely within the discretion of the trial court and is subject to review only when there has been an abuse thereof: *Vale v. Campbell*, 123 Or. 632 (263 P. 400).

Finally, it is contended that the verdict rendered was so excessive that this court should reverse the

judgment and remand the cause for a new trial. We agree with counsel for defendant that the verdict seems large in the light of the injuries sustained by the plaintiff, but we are not convinced that it is so excessive and beyond the realm of reason that this court would be warranted, under Art. VII, section 3, of the Oregon Constitution, in disturbing the same.

Finding no error which would warrant a reversal, it follows that the judgment of the lower court is affirmed.

RAND, C. J., and ROSSMAN, J., concur.

BAILEY, J., concurs in everything said in the opinion except the inference as to the authority of this court under Art. VII, section 3, Oregon Constitution.