GIUSEPPE CAMPANALE vs. METROPOLITAN LIFE INSURANCE
COMPANY.

Worcester.    January 10, 1935. — March 12, 1935.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Evidence*, Opinion: expert.

The opinion of a qualified medical expert is competent upon the issue,
whether symptoms of disease are genuine or simulated.

CONTRACT.    Writ dated February 14, 1933.

The action was tried in the Superior Court before *O'Connell*, J.   There was a verdict for the plaintiff in the sum of
$527.75.   The defendant alleged an exception to the portion of the charge to the jury quoted in the opinion.

*L. E. Stockwell*, for the defendant.

*Nunziato Fusaro*, for the plaintiff.

LUMMUS, J.   The plaintiff, a man forty years old, held
two policies of life insurance issued by the defendant, under
which he became entitled to an annuity if, prior to attaining the age of sixty years, he should "become totally and
permanently disabled, as the result of bodily injury or
disease."   He was hurt in an automobile accident on April
12, 1932.   There was evidence that as a result he was
totally and permanently disabled.   *Rezendes* v. *Prudential
Ins. Co.* 285 Mass. 505.   The jury returned a verdict for
the plaintiff.   The defendant brings the case here upon an
exception to the charge.

Medical experts called by the plaintiff testified that in
their opinion his symptoms of disease were genuine and
not simulated, and that he was not malingering.   Medical
experts for the defendant testified that certain specified
symptoms of disease which he showed could be simulated,
and in their opinion were simulated.   This evidence went
in without objection.   The judge dealt with this matter in
a supplemental charge, as follows: "Whether the plaintiff

is or is not a malingerer is a question of fact for you gentlemen to determine upon all the evidence. You have a right to take the evidence as it is before you pertaining to what he has said; what the physicians testified to regarding examinations they made, and their observations. Whether a physician believed that the plaintiff was a malingerer or not would be an expression of an opinion on the part of the physician, which is not admissible. It is to be distinguished from other opinions which the physicians are entitled to express. . . . The physicians had a right . . . to draw your attention to such acts, or words spoken, or such observations as in the judgment of the respective parties would control your judgment in saying was he malingering or was he not malingering. Therefore, separate that evidence as it is before you, gentlemen, eliminating the expressions of opinions as expressed by the physicians on that issue of malingering, and reserve wholly to the jury the right to say upon all the evidence, does the evidence disclose that he was a malingerer?"

This case does not present the question whether a medical expert can be asked or allowed to characterize a party by using the word malingerer, with all its implications of moral turpitude. *Brown* v. *Third Avenue Railroad*, 19 Misc. (N. Y.) 504, 507. What was disputed among the experts was, whether certain symptoms were simulated. The jury were told, in substance, to disregard the opinions of medical experts on that question, and to decide it solely on evidence of the observations and perceptions of the witnesses through their senses. The opinions were competent, and ought not to have been excluded. Medical science and experience make possible a judgment as to whether symptoms such as were described are real, imaginary or feigned, that would not be possible to a layman witnessing the medical examination, much less to a lay jury hearing from witnesses what was said and done. *Van House* v. *Canadian Northern Railway*, 155 Minn. 57, 61, 62; *S. C.* 28 Am. L. R. 357. *State* v. *Hayden*, 51 Vt. 296, 306. *People* v. *Koerner*, 154 N. Y. 355, 363, 364, 378. *Burrowes* v. *Skibbe*, 146 Ore. 123. See also *Barber* v. *Merriam*, 11 Allen, 322, 325; *Dooley* v. *Bos-*

*ton Elevated Railway,* 201 Mass. 429.   Such an opinion is
not one relating to the veracity of the party as a witness,
which of course would be inadmissible.   *Coulombe* v. *Horne
Coal Co.* 275 Mass. 226, 229, 230.   *Crowley* v. *Appleton,* 148
Mass. 98, 101.

<div align="right">

*Exceptions sustained.*