FERRIS ABDOW *vs.* CLIFFORD SILVERBRAND.

Worcester.    September 27, 1938. — October 26, 1938.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Proximate Cause.    Practice, Civil,* Ordering verdict.

Evidence having warranted findings that the plaintiff sustained some
injury when the defendant negligently backed an automobile into
the front of a truck which the plaintiff was operating, additional evi-
dence, that the plaintiff then went to the front of the truck to pull
the bumper away from the wheel so that the truck could be operated
and in so doing suffered further injury, did not justify the direction
of a verdict for the defendant.

TORT.    Writ in the Central District Court of Worcester
dated August 11, 1936.

On removal to the Superior Court, the action was tried
before *Dowd,* J.    There was a verdict for the plaintiff on a
first count for property damage in the sum of $7.    A ver-
dict was ordered for the defendant on the second count.
The plaintiff alleged exceptions.

*H. Zarrow, (M. N. Abodeely* with him,) for the plaintiff.

*C. C. Milton, (R. C. Milton* with him,) for the defendant.

FIELD, C.J.    This is an action of tort arising out of an
automobile accident which occurred on or about July 9,
1936.    By the second count of the declaration the plaintiff
sought to recover compensation for personal injuries.    The
case was tried to a jury on an auditor's report and other
evidence.    On motion of the defendant a verdict for him
on the second count was directed and the plaintiff excepted.

The direction of a verdict was error.

There was evidence that the defendant backed the auto-
mobile which he was operating against the front of a motor
truck which the plaintiff was operating.    The bill of excep-
tions recites that "in substance the auditor found that the
defendant was negligent and the plaintiff was in the exer-
cise of due care and that as a result the plaintiff's car was
disabled from proceeding because the front bumper was

wedged against the left front wheel. The plaintiff got out and pulled the bumper away and as a result a preexisting hernia on the left side was aggravated and the plaintiff sustained a new hernia on the right side. The auditor then made an alternative finding as follows: (relating to the plaintiff's injuries) 'If, as a matter of law, this is a causal connection with the accident, then the plaintiff, Ferris, is entitled to recover for his pain, suffering, loss of earning capacity, and necessary hospital and medical expense, the sum of $800, and if not a causal connection that so far as personal injuries are concerned, finding is for the defendant.'" The defendant makes no contention that findings were not warranted that he was negligent and that the plaintiff was in the exercise of due care. The defendant contends, however, that the evidence did not warrant a finding that his negligence was the legal cause of any physical injury sustained by the plaintiff. This contention cannot be sustained.

The plaintiff testified in part that "when the defendant struck his car, the wheel (steering wheel) hit him and he went back and hit his back. 'He felt something crack on his left side, sharp just like cut with a knife and he doubled up.' After the defendant drove away the plaintiff started his motor but found he could not drive his car because the bumper was striking the left front wheel. He then got out of his car; he still had pains. He took the bumper and pulled it up and back from the wheel. He felt a worse pain on the left side when he pulled the bumper away. He then drove home." A physician testified that he examined the plaintiff on July 9, 1936, and found both a right and a left inguinal hernia, that "in addition he found tenderness over the lumbar spine from the second to the fourth vertebrae and over the right sacro-iliac region," and that his diagnosis was "sprain of lumbar spine, right indirect inguinal hernia and left indirect inguinal hernia." Another physician testified that he examined the plaintiff in September and diagnosed "the condition as bilateral hernia," and "performed an operation to correct these herniae." He further testified "that the collision itself was not an ade-

quate cause for the hernia but the pulling and lifting of the bumper was an adequate cause."

The testimony of the plaintiff to his having been hit by the steering wheel and having hit his back, and to the pain which he then suffered, together with · the medical testimony, warranted, at least, findings that at the time of the collision he sustained an injury to his back, and that the defendant's negligence was the legal cause thereof. See *Berard* v. *Boston & Albany Railroad*, 177 Mass. 179, 180–181; *Driscoll* v. *Gaffey*, 207 Mass. 102, 105–107; *Coddaire* v. *Sibley*, 270 Mass. 41, 47; *Freedman* v. *Eastern Massachusetts Street Railway*, 299 Mass. 246, 249. Neither the plaintiff's uncontradicted testimony that he "felt a worse pain on the left side when he pulled the bumper away," nor any other evidence in the case, even if it tended to show aggravation of the injury to his back by his act of pulling the bumper away, precluded a finding that some injury to his back resulted from the collision and, consequently, from the defendant's negligence, without a break in the causal connection between such negligence and such injury. It could have been found that, notwithstanding the intervening act of the plaintiff, the defendant's negligence continued "to be efficiently, actively, and potently operative" to produce such injury (*Wallace* v. *Ludwig*, 292 Mass. 251, 255), and that this intervening act was "a normal response to the stimulus of a situation created by the actor's negligent conduct." Am. Law Inst. Restatement: Torts, § 443, see Comments (a) (b). And it could not have been ruled as matter of law that the plaintiff's intervening act amounted to negligence contributing to cause such injury. A verdict for the plaintiff in some amount, therefore, was justified, and consequently the direction of a verdict for the defendant was error. See *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 385.

In view of the conclusion stated we need not consider whether the negligence of the defendant could have been found to have been a legal cause of aggravation — by the plaintiff's act of pulling the bumper away — of the injury to the plaintiff's back, or whether damages properly could

be recovered by the plaintiff only for the original injury, considered apart from such aggravation thereof. No such question is involved in the direction of the verdict or raised by any request for a specific ruling. See *Coddaire* v. *Sibley*, 270 Mass. 41, 47. For a like reason we need not consider whether it could have been found that the defendant's negligence was a legal cause of either or both of the plaintiff's hernias, or of aggravation thereof, so that the plaintiff could recover damages therefor. These questions may not arise in the same form at a new trial.

*Exceptions sustained.*