GERALD F. MITCHELL *vs.* WALTON LUNCH COMPANY.

Suffolk.    November 14, 1939. — January 29, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Damages,* For tort.  *Practice, Civil,* Discretionary control of evidence, Pre-trial procedure, Exceptions.  *Evidence,* Relevancy and materiality, Competency, Of earning capacity.

Upon the issue, at the trial of an action for personal injuries, of the earning capacity of the plaintiff before his injury, evidence was admissible of the amount of tips he received from his employer's customers where it did not appear that the receipt of tips was a breach of any duty he owed his employer.

The extent of cross-examination on the same subject was within the discretionary control of the trial judge.

After the plaintiff in an action for personal injuries had testified that he had not had a physician during a period following his injury, evidence was admissible to the effect that he had been cared for during that period by his father and that the father had been a graduate trained nurse and had been employed in hospitals as an assistant supervisor.

After a physician, called by the plaintiff at the trial of an action for personal injuries, had testified in cross-examination that the plaintiff's condition could have been caused by various diseases, he was properly permitted to testify in redirect examination that the plaintiff did not have any of those diseases.

A bald exception by the defendant to the reading by the trial judge of a portion of a pre-trial report containing an admission of material facts by counsel for the defendant was overruled.

TORT.    Writ in the Superior Court dated October 4, 1934.

Before *Morton,* J., there was returned a verdict for the plaintiff in the sum of $9,865, of which the plaintiff remitted all in excess of $8,000; and the judge reported the case for determination by this court of exceptions saved by the defendant.

*J. W. Vaughan,* for the defendant.

*A. S. Allen,* (*N. C. Cushner* with him,) for the plaintiff.

RONAN, J.    In this action of tort for personal injuries there was evidence that the plaintiff, accompanied by his wife and sister-in-law, had nearly finished his meal at the

defendant's restaurant, in the early morning of April 14, 1934, when three or four noisy, boisterous men, using profane language, entered the restaurant and started a commotion at the food counter. The plaintiff left the table, paid the check for the food and returned to the side of the table away from the aisle. He suggested to his wife that they leave. When he then glanced around he "saw these two men in white coats pushing or assisting, I don't know what you would call it, but they were all coming up the aisle slow, and profane language was being used by all the men." As he leaned over the table to tell his wife to get out of the way, the defendant's night manager pushed him on to the table or pushed him so that he fell face down upon the table and some one then fell upon him causing him serious personal injury. The jury returned a verdict for the plaintiff and the trial judge reported the case upon certain rulings upon evidence.

The plaintiff was entitled to recover for such impairment of his earning capacity as resulted from his injuries. During the year previous to his accident he had been employed by a steamship company from which he received a certain monthly wage together with room and board and tips. Subject to the defendant's exceptions the plaintiff was permitted to testify that the tips averaged $14 a week. Other than the statement that the plaintiff was employed by the steamship company as a salesman, there is nothing in the report (which does not state that it contains all the material evidence) to show what he sold, whether the sales were made upon his employer's stations or boats, or whether the nature of his services was such that those so engaged therein usually and customarily received small gratuities from the patrons of the employer to whom they had rendered some personal service. If his work was of such a character, the jury might upon all the evidence infer from its nature and the length of time he was so employed that his employer knew and did not object to the practice of receiving such gratuities, and that the employee received them for his own use as a part of his wages with the implied consent of his employer. In such circumstances, their receipt and reten-

tion by the employee would not be a breach of any duty he owed his employer. *Powers's Case,* 275 Mass. 515. *Babikian* v. *Brown,* 293 Mass. 195. But this is not a suit to recover for wages. The loss of wages as such is not an element of damages. The amount of wages the plaintiff received for his services is competent for the purpose of shedding some light upon the value of the plaintiff's capacity to earn. We assume that the charge was correct and complete, and that the jury were properly instructed as to the plain distinction between loss of wages and diminution in earning capacity and the relation of the former to the latter. *Doherty* v. *Ruiz,* 302 Mass. 145, and cases cited. The determination of damages for the impairment of earning capacity is not susceptible to arithmetical calculation; its ascertainment must to a large degree depend upon the practical sagacity, common knowledge and good sense of the jury in considering the age, skill, training, experience and industry of the plaintiff, the extent of his physical injury, the wages commonly received by one pursuing a similar occupation in the vicinity of the plaintiff's employment, and whatever other evidence is introduced to aid them in arriving at a just conclusion. *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1. *Cross* v. *Sharaffa,* 281 Mass. 329.

Counsel for the defendant claimed an exception to the refusal of the judge to permit him to inquire of the plaintiff whether his wife was employed. If the colloquy between the judge and counsel is sufficient to show that an exception was saved by the defendant, it is plain that it has no merit because the plaintiff had previously testified in cross-examination by the defendant's counsel that his wife was employed. The evidence sought was already in testimony, and the number of times the same inquiry may be repeated to a witness is a matter resting in the sound discretion of the judge, which in the present instance is not shown to have been abused. *Coker* v. *Ropes,* 125 Mass. 577. *Jordan* v. *C. I. T. Corp.* 302 Mass. 281.

The plaintiff testified that he went to work on the morning of the accident but, after working an hour, he was

compelled to go home; and that on the day of the accident he was treated by his wife and father, who applied certain remedies. After he had testified upon cross-examination that he had not called any physician before he went to work that morning, the plaintiff, over the defendant's exception, was permitted to testify that his father, although in the postal service, had been a graduate trained nurse, and that he had been employed as an assistant supervisor in various hospitals. The evidence was admissible to show that the plaintiff had received proper treatment, to explain his conduct as reasonable in the circumstances, and to anticipate a possible argument by the defendant that the injuries were not serious as no physician had been called to treat the plaintiff.

A physician who described the plaintiff's condition, which in his opinion was caused by the accident, testified in cross-examination that the plaintiff's condition could have been caused by various diseases. He was properly permitted to testify on redirect examination that the plaintiff did not have any of these diseases. His opinion could have been found to have been based upon facts which were contained in the evidence. The evidence was competent to show that the plaintiff's condition was due to the accident and not attributable to any other cause. *Commonwealth* v. *Russ*, 232 Mass. 58. *Coddaire* v. *Sibley*, 270 Mass. 41. *Campanale* v. *Metropolitan Life Ins. Co.* 290 Mass. 149. *Wallace* v. *Ludwig*, 292 Mass. 251. *Kramer* v. *New York Life Ins. Co.* 293 Mass. 440. *Abdow* v. *Silverbrand*, 301 Mass. 337.

The judge in the course of his instructions read the following portion of the pre-trial report: "Defendant admits that its manager was on the premises at the time of the incident complained of and that its counterman was engaged in an effort to eject three or four persons and that he was acting within the scope of his employment at said time." The defendant excepted to the reading of the report but the record does not disclose the grounds of its exception. Its brief states that its reasons are that the authenticity of the report was questioned and that the defendant had not admitted that its employees were engaged in ejecting three

or four persons from its premises. The pre-trial report was dated December 2, 1937, and was apparently taken by the judge from the original papers in the case. It was in the usual form of such a report and was referred to as a "pre-trial slip, pre-trial report." The defendant does not contend that it was not prepared or signed by the judge who presided at the pre-trial hearing. It fails to point out anything that would cast the slightest doubt upon the genuineness of the report.

One of the purposes of the pre-trial procedure is the narrowing and simplification of the issues by a stipulation or an admission by counsel concerning them. It must be presumed that counsel appreciated the force and effect that such a stipulation or admission should have in the trial of the case. An admission made by an attorney at the pre-trial hearing is binding upon his client unless good cause to the contrary is shown. The judge has the power to discharge a stipulation entered into under a misapprehension. *Graustein* v. *H. P. Hood & Sons, Inc.* 293 Mass. 207. *Fanciullo* v. *B. G. & S. Theatre Corp.* 297 Mass. 44. *Capano* v. *Melchionno,* 297 Mass. 1. *Gurman* v. *Stowe-Woodward, Inc.* 302 Mass. 442. The trial judge may alter the issues, modify the admissions or discharge the stipulation if satisfied that justice requires it. The matter is now governed by Rule 57A of the Superior Court (1932) which provides that the order made by the judge at the pre-trial hearing "will control the subsequent conduct of the case unless modified at the trial to prevent manifest injustice."

The trial should be confined to the issues disclosed by the report. *Silver* v. *Cushner,* 300 Mass. 583. *R. Dunkel, Inc.* v. *V. Barletta Co.* 302 Mass. 7. The trial judge might properly explain to the jury that the parties had entered into a stipulation which rendered it unnecessary to prove a fact essential to either the cause of action or the defence to it, but whether the pre-trial report is evidentiary in character was left open in *Capano* v. *Melchionno,* 297 Mass. 1, 16. The stipulation in the instant case merely admitted that the defendant's manager was in the restaurant at the time of the occurrence of which the plaintiff complains,

and that the counterman in the performance of his duties was then attempting to eject three or four persons from the defendant's premises. Each of the facts recited would be competent evidence upon the liability of the defendant. Such facts established the agency of the defendant's employee. They were conceded by one authorized to bind the defendant. That they were shown by a stipulation rather than by oral testimony is immaterial.

In the case at bar counsel for the defendant sought not to change but to exclude the report. He, however, as shown by the record, did not specify what changes he desired to have made in the report to make it conformable to what he contended occurred at the pre-trial hearing. He did not point out what admissions he conceded were made or offer any explanation that would indicate that a mistake was made. The record does not disclose that he offered to introduce any evidence to support his contention. Upon this record, a bald exception taken to the reading of the pre-trial report is untenable. Rule 57A of the Superior Court (1932). *Capano* v. *Melchionno,* 297 Mass. 1, 16. *R. Dunkel, Inc.* v. *V. Barletta Co.* 302 Mass. 7. *Gurman* v. *Stowe-Woodward, Inc.* 302 Mass. 442, 444. *Konstantine* v. *Dearborn,* 280 Mich. 310.

*Judgment for the plaintiff.*