Argued September 16; affirmed October 13, 1948

# TYCER *v.* HARTSELL

198 P. (2d) 263

In Banc.

*Nels Peterson,* of Portland, argued the cause for appellant. With him on the brief were Green & Landye, and Stuart W. Hill, of Portland.

*Duane Vergeer,* of Portland, argued the cause for respondent. With him on the brief was Harry F. Samuels, of Portland.

BELT, J.

This is an action to recover damages for personal injuries sustained by the plaintiff on January 5, 1946, at the intersection of North Denver avenue and North Lombard street in the city of Portland, when she was struck by an automobile driven by the defendant. North Denver avenue runs in a northerly and southerly direction. North Lombard street runs in an easterly and westerly direction. This intersection was controlled by traffic lights for vehicles and pedestrians. Pedestrian lights indicated "Walk" and "Wait." The accident occurred about seven o'clock in the evening and it was dark and raining. Plaintiff asserts that she was struck by the automobile while she was walking with the light in the pedestrian lane in a westerly direction across the intersection on the northern edge of North Lombard street. Defendant was driving east on North Lombard street and turned left to go north on North Denver avenue. Plaintiff contends that she was struck when she had passed the center of the street.

The defendant was charged with negligence in the following particulars: (1) Failing to yield the right of way to plaintiff; (2) Driving at an excessive rate of speed; (3) Failing to maintain a proper look out for pedestrians; (4) Failing to warn plaintiff by sounding his horn or other audible signal of his intention to drive through said crosswalk; (5) Failing to signal for a left-hand turn off North Lombard street; (6) Turning out of the regular lane of traffic on North Lombard street without first ascertaining that it could be done with safety to pedestrians; (7) Driving "into, upon and against plaintiff at the time and place aforesaid."

Defendant charges plaintiff with contributory negligence in: (1) Failing to keep a proper look out;

(2) Failing to yield the right of way; (3) Failing to cross the highway within the pedestrian lane, instead of at a point several feet north thereof where there was no crosswalk; (4) Walking into a position of danger from a position of safety; (5) Failing to stop so as to avoid this accident.

The plaintiff denied the charge of contributory negligence in her Reply.

On these issues the cause was submitted to a jury and a verdict returned in favor of the defendant. From the judgment entered thereon, the plaintiff appeals.

■ Plaintiff assigns error because the court refused to permit her to prove that at the time of the accident a minor son was dependent upon her for support. In view of the fact that the verdict of the jury was for the defendant, we think that this matter pertaining to the question of damages is wholly immaterial. *Penn v. Henderson,* 174 Or. 1, 146 P. (2d) 760; *Hill v. Wilson,* 123 Or. 193, 261 P. 422; 5 C. J. S., Appeal and Error, 1168, § 1776 (b). The evidence established without contradiction that plaintiff sustained a fractured nose and was rendered unconscious as a result of being struck by the automobile. The only reasonable deduction to be drawn from the record is that the jury, as evidenced by its verdict, did not believe that the defendant was negligent, or that it believed the plaintiff was guilty of contributory negligence. If that conclusion is sound, the jury did not reach the question of damages. Hence plaintiff could not have been prejudiced, assuming, but not deciding, that such evidence is admissible. See *Maynard v. Oregon R. R.,* 46 Or. 15, 78 P. 983, 68 L. R. A. 477; 15 Am. Jur., Damages, 782, § 342.

■ It is asserted that the court erred in comment-

ing upon the testimony of Dr. John L. Marxer, a witness called on behalf of the plaintiff. On direct examination Dr. Marxer testified as to his treatment of the plaintiff and the extent of her injuries. Dr. Marxer, among other things, said that there was a bilateral muscle spasm in plaintiff's back, and he was asked on cross examination if that was something that the patient could fake. He responded that she could not fake a muscle spasm. On re-direct examination the record discloses:

"Q Maybe I can make my point clear. Was Mrs. Tycer feigning muscle spasm in her back when you saw her?

"A I don't think so.

"Q Was she co-operative?

"A Very, very co-operative.

"Q And was she truthful to you?

"A I thought so.

"MR. SAMUELS: Just a minute. That is going pretty far, your Honor.

"THE COURT: This matter of being truthful to him,—it depends entirely upon what she tells him and his appraisal of her statements, of course. That is not proper."

It is well established that a doctor, as an expert witness, is entitled to state his conclusion as to whether the injuries of a patient are fanciful or real. *Burrowes v. Skibbe,* 146 Or. 123, 29 P. (2d) 552, 97 A. L. R. 1288, annotation. He may relate statements made to him by a patient as a basis for his diagnosis. It would not be proper, however, for the doctor to state what the patient had said to him in reference to the issue of negligence. Obviously, it would not have been proper for Dr. Marxer to have stated what the plaintiff said to him about whether or not she was in the pedestrian lane, as that question was one within the exclusive

province of the jury to determine. The question, "Was she truthful to you?" was too general and was subject to objection. It would have been more proper to ask the doctor if he thought that the plaintiff was feigning her injuries. The comment of the court was wholly unnecessary, as the objection of counsel for defendant was of such nature that no ruling of the court was required. However, plaintiff has no cause to complain by reason of such comment.

■ In our opinion, the court did not abuse its discretion in refusing to allow plaintiff, at the conclusion of her case in chief, to amend the complaint to conform to the proof by adding the following specification of negligence:

"In failing and neglecting to drive and operate said automobile on the right or easterly half of North Denver Avenue at the time and place aforesaid."

It is difficult to ascertain from the record with any degree of certainty just what the proof is concerning this phase of the case, as some of the witnesses used a blackboard upon which to mark the point of impact and to otherwise illustrate their testimony. Suffice it to say, the blackboard is not here. We know not what it shows.

■■ Prior to trial, the plaintiff caused the deposition of the defendant to be taken and called him for examination as an adverse party. Defendant testified in the trial in the circuit court, and the deposition was not offered or received in evidence. On the cross examination of the defendant relative to the deposition, the record discloses:

"Q Do you recall when your deposition was taken in Mr. Samuel's office and I asked Mr. Sam-

uels to have Mrs. Tycer present when your deposition was taken; do you recall that?

"A  I recall she was down there, yes.

"Q  Was she in the room when the deposition was taken?

"MR. SAMUELS: I think we will object to that question, your Honor. I can't see where it is material.

"THE COURT: What difference does that make? If a witness is subpoenaed to appear and testify, that witness is obliged to be there. If you stipulate, the witness is obliged to appear and testify. I don't know who else should be there except the two attorneys who are directly involved. That is not the trial of a lawsuit and it isn't contemplated that everybody be there to hear it, so it doesn't make any difference.

"MR. PETERSON: Your Honor, the point is this: at the time Mr. Hartsell's deposition was taken, counsel—

"MR. SAMUELS: Well, this should be taken in chambers.

"THE COURT: Perhaps counsel might have objected to her being there.

"MR. SAMUELS: I did; certainly I did.

"THE COURT: There is nothing wrong with that at all.

"Q  Then I will ask you if Mrs. Tycer was present when you gave your deposition?

"A  In the office.

"MR. SAMUELS: I object to that as immaterial, your Honor.

"THE COURT: That doesn't make any difference, not the slightest difference, whether she is there or not there."

Plaintiff contends that prejudicial error was committed by the court in thus commenting on the deposition and in limiting the cross examination in reference

to the same. Under the statute, § 4-502, O. C. L. A., plaintiff had the right to be present at the time of the taking of the deposition of the defendant. The deposition is, in a sense, a part of the trial. The right of the party to attend the examination of the opposite party by deposition is a substantial one, and the comment of the court finds no support in the authorities. 26 C. J. S., Depositions, 877, § 63; 16 Am. Jur., Depositions, 722, § 54. We are at a loss, however, to understand how the plaintiff, in the light of the record, was injured. Had the deposition been received in evidence over the objection of the plaintiff, a different question would be presented. We are unable to see wherein such comment tended to cause the jury to look with disfavor on the testimony offered by the plaintiff. It is not every error that warrants a reversal, but it must be a substantial one. This case does not, as urged by the defendant, come in the same category as *Frangos v. Edmunds,* 179 Or. 577, 173 P. (2d) 596.

■ Error is assigned because the court during rebuttal sustained an objection to the admission in evidence of a certified copy of a judgment of conviction in the municipal court, wherein the defendant was charged with violation of the traffic rules in failing to yield the right of way to a pedestrian. It is clear that the record of the judgment would have been admissible as an admission against interest had it been offered in the plaintiff's case in chief. On rebuttal the plaintiff sought to have the record received in evidence for the purpose of impeaching the testimony of the defendant; but since the defendant admitted having entered a plea of guilty to such charge in the municipal court, no ground for impeachment was established. It follows that the court did not err in rejecting this evidence.

■ Error is predicated on the refusal of the court to give a requested instruction concerning the measure of damages sustained by the plaintiff. In view of the fact that the jury rendered a verdict for the defendant, we deem it unnecessary—for reasons heretofore stated—to consider this assignment.

After an examination of the record, we are convinced that the plaintiff had a fair trial and that the issues were fairly presented to the jury. Finding no error that would justify a reversal of the judgment, it follows that the judgment is affirmed.