OLINTO J. ZEECHIN v. FRANCIS J. CORNELIO

SUPERIOR COURT          LITCHFIELD COUNTY          FILE No. 12822

Memorandum filed July 17, 1950.

*Raymond F. Dunn*, of Winsted, for the Plaintiff.

*Day, Berry & Howard*, of Hartford, for the Defendant.

QUINLAN, J.  A very simple state of facts has provoked a nice question of law.  The plaintiff of course testified, and the defendant covered the medical damage.  The defendant then rested, but had offered two exhibits allowing for such inferences as may flow from the failure to place the defendant on the stand.  At the court's suggestion additional evidence of the conduct pre-ceding the advent of the plaintiff on the scene was asked for, notwithstanding it had to come from an hostile witness, viz., the defendant.

The doctor, apparently on a professional call in the winter sea-son, with snow on the ground, nosed his car into an unimprov-ed driveway.  Nearby was a post that protruded above the snow sufficiently to permit the car to rest on it.  When the defendant came out of the house he went to the rear door of the plaintiff's place of abode and asked for help.  The plaintiff produced a shovel and accompanied the defendant to the car.  In the process of aiding the defendant the hand of the plaintiff was caught between the car and the post and he received his injuries.

The defendant does not plead contributory negligence and it would be to no avail had he done so.

Of course proximate cause, supervening negligence and the rescue doctrine are involved in the disposition.  But in perhaps

the leading case in the country, *Wagner* v. *International Ry. Co.*, 232 N. Y. 176, 181, the court said through Judge Cardozo, "the law does not discriminate between the rescuer oblivious of peril and one who counts the cost. It is enough that the act whether impulsive or deliberate is the child of the occasion." And 2 Restatement, Torts § 443 states that "An intervening act of a human being or animal which is a normal response to the stimulus of a situation created by the actor's negligent conduct, is not a superseding cause of harm to another which the actor's conduct is a substantial factor in bringing about," and comment (a) from the same section says: "It is not necessary that an act which is done by the person harmed or by a third person should be 'reasonable'; that is, the act should be one which a reasonable man would regard as not involving an unreasonable risk to himself or others. It is enough that the act is a normal response to the stimulus of the situation created by the actor's negligence. If it be done by the person who is harmed and is unreasonable in the sense above stated, it may amount to contributory negligence which as such prevents him from recovering . . ., but the actor's negligent conduct [that is, in automobile cases, the negligence causing the accident] is nonetheless the legal cause of the harm." *Abdow* v. *Silverbrand*, 301 Mass. 337, 339, recognizes the doctrine.

The annotation in 166 A. L. R. 752 at page 756 has this to say as to the distinction between persons and property: "It seems that, with reference to the problem of proximate causation, the chief difference between injuries sustained in an effort to rescue or aid persons involved in an automobile accident and those sustained in an effort to save property or limit damages, where the person whose negligence caused the accident is sought to be charged, is that the circumstances in the former case are likely to justify a greater risk and more desperate effort than in the latter. Yet in the latter case the proximate causation may fully and clearly appear."

Apparently the plaintiff knew the defendant was a doctor. It was the winter season when a doctor is busy. The plaintiff had the physical appearance of one who was able to render aid as against a professional man. Plaintiff testified and his written statement says that he was asked to help. If there was negligent conduct on the part of the defendant it seems to me, the plaintiff's conduct was "a normal response to the stimulus of a situation created" by the defendant's conduct.

While it may be that what we now see in the picture exhibits does not show the snow conditions of the day in question, it certainly does appear that the post was off the normal path of travel. I find that the bumper was on the post. The condition of the driveway itself was obvious, and in cramping the car defendant knew or should have known he would get off whatever limits the drive had, and he carelessly failed to keep the car in the bed of the drive. I therefore find for the plaintiff.

Plaintiff is a stone mason earning $28 per week. He had seven weeks' disability. He has lost function of distal two-thirds of finger with a 50 per cent disability. The doctor's bill was $75. The hospital bill was $57.

Judgment may enter for $1528 with costs.