CAROLINE GREEN ET AL. *v.* HAZEN P. BRITTON ET AL.

SUPERIOR COURT    NEW LONDON COUNTY    FILE NO. 25717

Memorandum filed March 30, 1960

*Suisman, Shapiro & Wool,* of New London, for the plaintiffs.

*Brown, Jewett & Driscoll,* of Norwich, for the defendants.

TROLAND, J. For the purposes of the demurrer it may be assumed, as the complaint alleges, that on June 16, 1958, in the afternoon, the plaintiff Caroline Green drove her automobile into the drive-

way at the easterly end of a parking area in a so-
called shopping plaza in Groton. At said time she
observed an unoccupied motor vehicle rolling down
an incline in said parking area, moving in her direc-
tion. Plaintiff pulled her vehicle sharply to the left,
brought it to a stop, left her automobile and pro-
ceeded to the unoccupied moving vehicle, opened the
door, entered the vacant car and brought it to a
stop. In so doing plaintiff Caroline Green received
certain injuries described in the complaint. The
unoccupied vehicle had previously been negligently
parked by the defendant Virginia Britton in said
parking area near the First National Store entrance
in said shopping plaza, on an incline, with its emer-
gency brake in a defective condition, and when the
emergency brake was not adequate to maintain
said vehicle in a stationary position when parked
on an incline, without due care left her said parked
car unoccupied and unwatched, with the result that
it rolled down the incline in said parking lot in the
general direction of the entrance to the same and
particularly in the direction of the plaintiff as she
drove her car in the easterly driveway.

The demurrer maintains that on the above facts
no duty was owing from the defendants to the
plaintiffs, and that said facts alleged do not state a
violation of a duty, if any, owing by the defendants
to the plaintiffs.

It is not alleged in the complaint in so many
words that the plaintiff was in danger, or believed
she was in danger, or that anyone was in danger.
However, the duty to use due care is bounded by
the foreseeable range of danger. Harper & James,
Law of Torts § 18.8. The negligent failure to
properly brake an automobile in a parking lot, on
an incline, involves a realizable and an unreasonable
risk of causing harm to a class of persons of which
the plaintiff was a member. Those using the park-

ing lot and those approaching the parking lot in its driveway were among the persons affected.

In their brief defendants urge that the plaintiff Caroline Green is a complete volunteer, and that the so-called "rescue doctrine" is not before the court. This claim is not well founded. The demurrer admits the well-pleaded facts that the Britton automobile was negligently parked, not braked, and that it rolled down the incline in the parking lot, in the direction of the plaintiff's car. The plaintiff responded to this situation. "Danger invites rescue." "The act whether impulsive or deliberate is the child of the occasion." *(Cardozo, J.)* *Wagner* v. *International Ry. Co.,* 232 N.Y. 176, 181; *Zeechin* v. *Cornelio,* 17 Conn. Sup. 20; Restatement, 2 Torts §§ 442–445.

Whether the plaintiff's conduct was justified or constituted a new intervening cause of her injuries is a question of fact for the trier.

The demurrer is overruled as to the plaintiff Caroline Green.

The complaint alleges that the plaintiff Robert Green has expended large sums of money for medical care, etc., because of the injuries sustained by Caroline Green. It nowhere appears in the complaint that he is any relation of Caroline Green and no reason is suggested as to why defendants should answer to him. It may be that Robert Green is the husband of Caroline Green, but the court is not warranted in assuming facts not alleged.

The demurrer is sustained as to Robert Green.