Submitted on briefs January 12, affirmed January 31, 1928.

## MILTON M. VALE *v*. T. C. CAMPBELL.

(263 Pac. 400.)

**Jury—Order on Question of Actual Bias of Prospective Juror is Discretionary.**

1. Order of court on question of actual bias of prospective juror is discretionary.

**Witnesses—Extent of Cross-examination is Largely Within Circuit Judge's Discretion.**

2. Extent of cross-examination rests largely in discretion of circuit judge.

**Appeal and Error—Admission of Testimony Concerning Effect of X-rays, if Objectionable, was Harmless, Where No Controversy Existed Concerning Nature of Plaintiff's Injury.**

3. In action to recover damages suffered by plaintiff as result of negligent treatment of broken femur, testimony by witness that

1. See 16 R. C. L. 289.
2. See 28 R. C. L. 605.

X-rays, which could not be found, in effect supported witness' diagnosis of injury, if objectionable, was harmless, where there was no controversy in pleading or evidence as to nature of injury suffered by plaintiff.

**Evidence—Evidence of Disclosures Made by X-ray Photographs Would be Admissible Without Photographs, Where Evidence Showed They Were Lost.**

4. In action to recover damages for injury to plaintiff from negligent treatment of broken femur, evidence of disclosures made by X-ray photographs would be admissible, though photographs were not produced, where evidence showed that they were lost.

**Witnesses—Contradiction, if Any, Between Answer and Testimony, Held Proper Subject for Argument Before Jury, but not Proper Cross-examination in Argumentative Manner.**

5. Contradiction, if any, existing between defendant's answer, before the court, and defendant's testimony, was proper subject for argument before jury, but was not proper cross-examination in argumentative manner.

**Evidence—Physicians Chosen by Parties to Take X-ray Pictures of Broken Femur Suffered by Plaintiff Could Testify to Result of Examination.**

6. In action to recover damages suffered by plaintiff from negligent treatment of broken femur, physicians chosen by parties to take X-ray pictures could testify to result of examination.

**Evidence—X-ray Photographs Taken of Plaintiff's Injury are Admissible in Evidence Only When Supported by Testimony of Party Taking Photographs or Expert Knowing Them to Accurately Show True Condition of Object Represented.**

7. In action to recover damages suffered by plaintiff as result of negligent treatment of broken femur, X-ray photographs taken of injury are admissible in evidence only when supported by testimony of party taking photographs or expert who knew them to show accurately true condition of object represented thereby; photographs being used as other maps or representations of physical objects employed as evidence.

**Evidence—Expert is Competent to Explain X-rays Under Proper Supervision to Enable Court and Jury to View Picture as Witness Does.**

8. In action to recover damages suffered by plaintiff from negligent treatment of broken femur, expert is competent to explain X-rays under proper supervision so that court and jury may view picture as witness does.

7. X-ray photographs as evidence, see notes in 114 Am. St. Rep. 441; 8 Ann. Cas. 435; Ann. Cas. 1916A, 776; Ann. Cas. 1918D, 998; 35 L. R. A. 815; 51 L. R. A. (N. S.) 858. See, also, 10 R. C. L. 1156. Foundation for introduction of photograph as evidence, see notes in 1 Ann. Cas. 161; 10 Ann. Cas. 962. See, also, 10 R. C. L. 1158.

Appeal and Error—Question of Physician, Though Objectionable as Calling for Particular Experience of Witness, was Harmless, Where Physician Answered Concerning General Result of Treatment in Community Similar to Place Where Plaintiff was Treated.

9. In action to recover damages suffered by plaintiff from negligent treatment of broken femur, question of physician, testifying for defendant, as to results obtained in his practice in cases of fractures of right femur, though objectionable as calling for particular experience of witness, rather than standard of practice in community where plaintiff was treated or similar communities, was harmless, where witness' answer showed that he testified to general result of treating such cases in communities similar to place here plaintiff was treated.

Trial—Refusal of Requested Instruction on Effect of Pleadings Held not Error, Where Law Thereon was Otherwise Charged.

10. In action to recover damages suffered by plaintiff from negligent treatment of broken femur, refusal of requested instruction as to effect of pleadings was not error, where law thereon was otherwise charged.

Trial—Court must Instruct Jury as to Admissions Made by Pleadings.

11. Court is under duty to instruct jury what admissions are made by pleadings.

Appeal and Error—Issue of Negligence in Action for Negligent Treatment by Physician Whose Skill was Admitted Held Properly Submitted to Jury, Whose Verdict was Conclusive Thereon.

12. In action to recover damages suffered by plaintiff from negligent treatment of broken femur, where only issue was whether defendant was negligent in treating plaintiff's leg, and it was expressly admitted that defendant possessed requisite skill as physician and surgeon, issue of negligence was properly submitted to jury, and its verdict is conclusive on that question.

From Klamath: A. L. LEAVITT, Judge.

In Banc.

This is an action to recover the sum of $26,000 damages alleged to have been suffered by plaintiff as the result of alleged negligence in the treatment of a broken femur by defendant. The jury returned a verdict in favor of the defendant and plaintiff appeals.

Plaintiff assigns seven errors: First, order of the court disallowing plaintiff's challenge to a juror; second to sixth, inclusive, the court's ruling on admis-

sion of testimony, and, seventh, the court's refusal
to give plaintiff's requested instruction and giving,
instead, a modified instruction.        AFFIRMED.

For appellant there was a brief over the name of
*Mr. W. P. Myers.*

For respondent there was a brief over the name of
*Mr. H. M. Manning.*

COSHOW, J.—1. It has been so often held by this
court that the order of the court on the question of
actual bias of a prospective juror is discretionary,
that such ruling should be considered the settled law
of the state.  A leading case announcing this princi-
ple is *State* v. *Armstrong,* 43 Or. 207 (73 Pac. 1022),
quoted at length with approval in *State* v. *Brumfield,*
104 Or. 506, 525 et seq. (209 Pac. 120.)  The trial
court did not abuse its discretion in overruling plain-
tiff's objection to the juror in the instant case.

2. Plaintiff complains of the court's ruling permit-
ting defendant to cross-examine plaintiff's wife re-
garding calling defendant to the hospital.  Probably
the question objected to was not strictly cross-exami-
nation.  The extent of cross-examination rests largely
in the discretion of the circuit judge.  Neither the
question nor the answer was prejudicial to plaintiff's
cause of action.

3, 4. Plaintiff complains of the admission of testi-
mony regarding X-rays taken of the injured femur
but not produced at the trial.  Evidence was given
to the satisfaction of the presiding judge that the
X-rays could not be found.  The witness was per-
mitted to testify that the X-rays, in effect, supported
the diagnosis of the injury.  Inasmuch as there is no

controversy in the pleading or the evidence as to the nature of the injury suffered by plaintiff, such testimony, if objectionable, was harmless. Proper showing was made that the X-ray photographs were lost and it did seem that evidence of the disclosures made by them would be admissible although the photographs were not produced. The testimony admitted was not prejudicial.

5. The trial court must be sustained in ruling the attempted cross-examination of defendant, regarding the contents of his answer, to be improper. The question propounded was argumentative and did not call for any fact. Defendant's answer was before the court. If there was contradiction between it and defendant's testimony, such contradiction was a proper subject for argument before the jury. It was not proper examination to argue the question with the witness.

6–8. The court properly ruled regarding X-ray pictures taken by or under the direction of three physicians chosen for that purpose by the parties to the case. It was proper examination to have said physicians, while witnesses, testify to the results of that examination. The X-rays themselves were admissible as evidence but only when supported by the testimony of the party taking them, or an expert who knew them to show accurately the true condition of the object represented thereby. X-ray photographs are used as other maps, plats or representations of physical objects are employed as evidence. They are valuable only when supported by the testimony of a person. They are used for illustrations. X-ray photographs differ from ordinary photographs in this, that the ordinary person is not sufficiently familiar with them to be able at all times to discern what they represent.

It is competent for one who is an expert in such matters to explain the X-rays under proper supervision, so that the court and jury may view the picture as the witness does: 1 Wigmore, p. 893 et seq., §§ 790–795, incl.; 22 C. J. 992, § 1245; *Yarbrough* v. *Carlson,* 102 Or. 422, 426 (20 Pac. 739).

9. Plaintiff complains of the court's ruling on the objection made to the following question asked Dr. Pickel while testifying in behalf of defendant:

"Doctor, I will ask you to state, in the treatment of the fracture of a right femur bone, what results have you usually obtained in your own practice in cases of oblique fracture of right femur bone?"

Objection to this question was made because it calls for the particular experience of a witness rather than the standard of practice in the community where plaintiff was treated, or similar communities. The question is subject to criticism. The answer, however, of the witness shows clearly that he had in mind the general result of treating such cases in communities similar to Klamath Falls, where plaintiff was treated. This is his answer:

"I think the result, the percentage of results in all cases of fracture of femurs are that they get a perfect result in only about 30% of the cases, what is termed a perfect result, not a perfect result meaning that there would be absolutely no shortening—what I mean by perfect result is a perfect alignment, perfect in strength, with absolutely no after pains or no stiffening of any proximate joints—that is, like stiffening of the knee joint—in all those cases, shortening is to be expected, that's to be expected. Where the shortening doesn't exceed one inch, that's practically a perfect result as regards to shortening. If the alignment is such as we get here, why this alignment is practically perfect in which the callous in the course

of time will disappear—that will eventually become absorbed, and the channel or inside of the bone will open up and become harmonious and the external portion will become perfect where there is as nearly a perfect alignment as that.''

The ruling of the court, therefore, admitting the answer was harmless.

10. Plaintiff complains also because the court refused to give this requested instruction:

''You are instructed that the pleadings in this case will go with you to the jury room. They are not evidence but I instruct you that in examining the pleadings to determine the issues you will notice that each of the parties make certain allegations and admissions in their respective pleadings, the complaint, the answer and reply. In this connection I instruct you that the respective parties are bound by the admissions in their pleadings and where one party makes an admission the other party is not required to prove the fact admitted but may rely upon the admission and such admissions, if you find there are admissions in the pleadings, are just as binding upon the party making them as if proven by the opposite party.''

11. It is the duty of the court to instruct the jury what admissions are made by the pleadings. The court did instruct in this language:

''In regard to the facts admitted in the pleadings, neither party is at liberty in the trial to gainsay or contradict. It is the duty of the court in this, as in all cases, to construe the pleadings, and determine what the issues are, * * .''

Other instructions were given correctly stating the law regarding the effect of the failure to deny or directly admitting an allegation in the opponent's pleading. It was not error to refuse to give the instruction requested and set out above.

12. The only issue in this case is whether or not defendant was negligent in treating plaintiff's leg. It was expressly admitted that defendant possessed the requisite skill as physician and surgeon. The issue of negligence was properly submitted to the jury and its verdict is conclusive upon that question. The judgment is affirmed.        AFFIRMED.