## GAY v. UNITED STATES.
### No. 7382.

Circuit Court of Appeals, Seventh Circuit.
Feb. 26, 1941.

Stephen A. Cross, of Chicago, Ill., for appellant.

J. Albert Woll, U. S. Atty., of Chicago, Ill., and Keith L. Seegmiller, of Washington, D. C., for appellee.

Before MAJOR and KERNER, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

This is an appeal from a judgment in favor of the defendant in a suit brought to recover total permanent disability benefits under a policy of War Risk Insurance (converted), issued to the plaintiff on July 1, 1927, and kept in force thereafter until May 1, 1934.

The issue presented by the complaint and answer thereto was whether the plaintiff became totally and permanently disabled on or prior to November 13, 1931.

Pursuant to a standing order of court, the case was heard by an Auditor on December 13, 1936, who filed his report on January 15, 1937. The defendant filed objections to such report, which the plaintiff moved the court to overrule and approve as submitted. On January 25, 1938, the court sustained the defendant's objections to certain portions of the report and ordered that they be stricken. Included in such stricken portions was the conclusion of the Auditor that the plaintiff became totally and permanently disabled on December 3, 1930. A trial was had which resulted in a verdict for the plaintiff on January 28, 1938. On defendant's motion, this verdict was set aside on February 11, 1938, and a new trial granted. A second trial was had which resulted in a verdict for the defendant, upon which the judgment appealed from was entered on January 10, 1940.

The contested issues may be summarized as, (1) the alleged abuse of discretion with respect to rulings of the court on motions for new trial—granting defendant's motion after the trial in January, 1938, and denying plaintiff's motion after the trial in January, 1940, and (2) rulings with respect to the admissibility and exclusion of evidence.

Plaintiff's argument that the court abused its discretion in allowing defendant's motion for a new trial after the first trial is predicated upon the theory that it was allowed solely on the ground of newly discovered evidence, and that such newly discovered evidence as alleged, as well as subsequently disclosed, was immaterial. The fallacy of this position is that there were grounds assigned in the motion for a new trial other than that of newly discovered evidence. It was stated in the motion, in substance, that the verdict was contrary to the weight of the evidence and the law, and that the verdict was without substantial support. There is nothing in the record before us to disclose with any degree of certainty what motivated the court in allowing the motion. For aught that appears, the motion might have been allowed because of the court's belief that the verdict was without substantial support. At any rate, there is nothing to show why the motion was allowed, and under the circumstances, there is no occasion for us to consider the action of the court in this respect.

Plaintiff's contention with reference to the alleged error of the court in denying its motion for a new trial after the second trial is predicated largely upon the action of the court in excluding certain portions of the Auditor's report which had theretofore, on motion of the defendant, been stricken, the admission of expert testimony as to an X-ray interpretation—the X-ray itself not having been produced—and the exclusion of certain evidence offered in rebuttal as to the plain-

tiff's physical condition subsequent to the hearing before the Auditor. Plaintiff contends that it was improper to admit evidence other than that disclosed to the Auditor as to the physical condition of the plaintiff during the time covered by the Auditor's report, except upon good cause shown for failure to make such disclosure. We are of the view that this position is not tenable. As was said in Ex parte Peterson, 253 U.S. 300, 311, 40 S.Ct. 543, 546, 64 L.Ed. 919:

" * * * The parties will remain as free to call, examine, and cross-examine witnesses as if the report had not been made. No incident of the jury trial is modified or taken away either by the preliminary tentative hearing before the auditor or by the use to which his report may be put. * * *"

■ As pointed out by the plaintiff, there is a provision in the order of reference that parties will not be heard to introduce evidence not disclosed before the Auditor "unless good cause for such failure to disclose evidence is shown." We think this leaves the matter within the discretion of the court, not subject to review except upon abuse of the discretion, which we do not find in the instant situation.

■ Plaintiff also contends that the court erred in striking from the Auditor's report certain portions thereof. It appears to be plaintiff's theory that the court has no right to delete any portion of the Auditor's report. We do not agree with this theory. The order of reference itself provides "upon the trial of such case, the report of the Auditor and his findings of fact, if approved by the court, shall be admitted as prima facie evidence of the evidentiary facts and conclusions of fact therein found, * * *" Thus, it appears that the report of the Auditor was to be used only "if approved by the court." In Ex parte Peterson, supra, the court, 253 U.S. on page 312, 40 S.Ct. on page 547, 64 L.Ed. 919, said:

" * * * The proceedings before him are subject to its supervision, and the report may be used only if, and so far as, acceptable to the court."

■ The court thus having the right to disapprove of the Auditor's report in toto, we see no reason why it can not approve in part and disapprove in part. Under such circumstances, the approved portion only of the report would be proper

for the jury's consideration. Again we think that this is a matter largely within the discretion of the Trial Court.

■ Complaint is also made of the admission of the testimony of Doctor Lyons' interpretation of an X-ray of plaintiff's chest, without producing the X-ray plate. This testimony was not the best evidence and was erroneously admitted. Defendant does not argue to the contrary but contends its admission was not prejudicial, as it was merely cumulative in effect. Inasmuch as the cause must be reversed for another reason, we need not determine the effect of this error.

The most important error alleged by the plaintiff concerns the court's denial of certain testimony offered by the plaintiff in rebuttal. It must be remembered that the issue in suit was whether the plaintiff was totally and permanently disabled on November 13, 1931. Testimony relative to that issue was heard by the Auditor on December 13, 1938, and was embodied in the report filed by him. At the trial, plaintiff offered the policy of insurance in suit, as well as the Auditor's report, and rested. The defendant introduced a large amount of testimony as to plaintiff's physical condition between the time of the hearing before the Auditor and the trial. (This was a period covering approximately three years.) Plaintiff sought in rebuttal, by the testimony of a doctor and by certain documents referred to by defendant's witnesses, to rebut this testimony.

It is the contention of the defendant that this testimony should have been offered by the plaintiff in chief and that it was not proper rebuttal. It was upon this theory that the court refused its admission. Defendant, in its brief, states the situation thus: "All of the evidence introduced by defendant was clearly defensive, designed solely to refute the claim which plaintiff had the burden of proving, that he became totally permanently disabled on or prior to November 13, 1931, and had remained totally permanently disabled at all times thereafter. * * *"

■ We do not agree with this statement as it applies to this case or any other case where the plaintiff relies upon the Auditor's report as making a prima facie case. That the report must be so regarded is hardly open to question. As already pointed out, the court's order, referring the matter to the Auditor, provided

that "if approved by the court, shall be admitted as prima facie evidence." That such report is prima facie evidence was recognized in Ex parte Peterson, supra, 253 U.S. at page 307, 40 S.Ct. 543, 64 L. Ed. 919, and by this court in Coyner v. United States, 7 Cir., 103 F.2d 629, 635. We do not understand that the defendant disputes this proposition—in fact, it was admitted in oral argument before this court that the plaintiff would have been entitled to a verdict upon the Auditor's report if no testimony had been offered by the defendant. Under these circumstances, it is our view that it was not incumbent upon the plaintiff to offer proof in chief as to his physical condition subsequent to the time of the hearing by the Auditor. It would be inconsistent to hold that an Auditor's report is prima facie evidence in support of the plaintiff's case, sufficient to entitle the plaintiff to a verdict if not disputed, and at the same time hold that it was incumbent upon the plaintiff to prove a continuation of his total permanent disability down to the time of trial. True, evidence of the plaintiff's physical condition subsequent to the time alleged in his complaint was admissible when offered by either side as bearing upon his condition at the date alleged. As was said in Lumbra v. United States, 290 U.S. 551, 560, 54 S.Ct. 272, 276, 78 L.Ed. 492:

"* * * The evidence as to his subsequent condition may be considered only for the purpose of determining his condition while the contract was in force. * * *" See, also, United States v. Landrieux, 7 Cir., 75 F.2d 536.

The only case called to our attention which indicates that the plaintiff has the burden of proving a total permanent disability to the time of trial is Personius v. United States, 9 Cir., 65 F.2d 646, 649. That case, however, had not been referred to an Auditor and we need not decide what burden is cast upon a plaintiff under those circumstances. It is sufficient to note that there is nothing in law or procedure, so far as we are aware, which designates what shall constitute a prima facie case in a case other than one referred to an Auditor.

■ True, the plaintiff in the instant case had a right to prove his subsequent physical condition as bearing upon his total permanent disability as alleged. He did not see fit to do this, however, and was not required to do so. He had a right to rely upon the prima facie case as made by the report. The defendant also had a right to offer proof, as it did, as to plaintiff's subsequent physical condition. Evidently, if he was not totally and permanently disabled subsequently, he could not have been so disabled at the time alleged in the complaint. Under the circumstances, however, we are convinced that such testimony was a matter of defense—in fact, it was so offered and regarded by the defendant. Having been relied upon as a defense, the plaintiff was entitled to offer in rebuttal any testimony relevant thereto. A contrary position would reduce the prima facie case, as made by the Auditor's report, to one of myth rather than actuality. A plaintiff could not rely upon it, but would be required, at his own hazard, to anticipate his adversary's defense. This we do not believe he should be required to do. The refusal of the Court to allow this testimony in rebuttal was reversible error.

The cause is reversed and remanded, with directions to vacate the judgment and to allow plaintiff's motion for a new trial.