ÁNGEL MANUEL MENDOZA RIVERA, representado por sus padres HIPÓLITO MENDOZA CARATTINI y SUSANA RIVERA MELÉNDEZ, demandante y apelado, *v.* EMILIO RIVERA MANSO, demandado y apelante.

Número 11326.

*Sometido:* 12 de noviembre de 1954. *Resuelto:* 3 de agosto de 1955.

*Santos P. Amadeo* y *Federico E. Virella,* abogados del apelante; *Armando A. Miranda* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR SIFRE emitió la opinión del Tribunal.

El Tribunal Superior, Sala de Caguas, dictó sentencia condenando al demandado a pagar al demandante la suma de $2,000, para indemnizarle por los daños físicos que le causó el primero al agredirle con un palo, más $50 para cubrir ciertos gastos, y al demandante, a satisfacer al demandado,

quien contrademandó en representación de la sociedad de gananciales, la cantidad de $500 por perjuicios sufridos por la esposa del último, a la que el demandante y contra-demandado dió una bofetada. Apeló el demandado de aquella parte de la sentencia que le fué adversa, y apunta seis errores en apoyo del recurso.

■■ Los primeros cinco señalamientos serán considerados conjuntamente, porque en efecto plantean la misma cuestión. En ellos se queja el apelante de que a pesar de su objeción, el tribunal a quo permitió que un médico declarara acerca de lo que demostraban unas placas radiográficas del cráneo del demandante, sobre una de las lesiones sufridas por éste, ocasionadas por el demandado, sin que fueran presentadas las placas como prueba.

El médico declaró en síntesis, que examinó al demandante, encontrando que tenía varias contusiones y una herida en la región parietal izquierda, con motivo de la cual se hizo el examen radiológico, estando el testigo presente. Vió y estudió las placas, que revelaban "una fractura deprimida del hueso parietal izquierdo", que "coincidía con la herida del paciente" y que el "hueso parietal" había quedado "parcialmente hundido". Lo declarado por el médico respecto a lo que indicaban dichas placas fué la única evidencia que tuvo ante sí el tribunal sentenciador para llegar a la conclusión de que el demandante había sufrido "una *fractura* simple *deprimida*" de dicho hueso. (Bastardillas nuestras.)

La doctrina general es que, mediando objeción, no puede un perito declarar sobre lo que revela una placa radiográfica, a no ser que ésta sea presentada como prueba, para darle a la parte contraria la oportunidad de repreguntar, o de llamar expertos que la interpreten, si así lo desea. III Wigmore *On Evidence*, pág. 192, 3ra. ed.; *Patrick & Tellman* v. *Matkin*, 7 P.2d. 414 (Okl.) ; *Gay* v. *United States*, 118 F.2d. 160; *Elzig* v. *Bales*, 135 Iowa 208. Es admisible, sin embargo, la declaración del perito, como evidencia secundaria, si se prueba que no es posible presentar la placa por haberse

extraviado o destruído, o por alguna otra razón adecuada. *Patrick & Tellman* v. *Matkin,* supra; *American Nat. Ins. Co.* v. *Points,* 81 S.W.2d 762 (Tex.) ; *Vale* v. *Campbell,* 263 Pac. 400. (Ore.)

En el caso de autos se admitió el testimonio del médico sobre lo que revelaban las placas radiográficas, sin que se estableciera base alguna para admitirlo con el carácter de evidencia secundaria.

Dicho testigo expresó que había traído las placas a la corte, aparentemente como prueba en un proceso criminal contra el apelante, y que las dejó en la oficina del fiscal, sin que volviera a verlas, y el abogado del demandante se limitó a decir que: "No estando las placas debido a algo que pasó, todo eso fué mucho antes de la radicación de esta demanda en abril 4, 1950, habiéndose prácticamente perdido. Esa evidencia podemos demostrarla con evidencia subsidiaria, igual que se hace con un pagaré que se ha perdido", pero sin que el demandante en efecto ofreciera prueba para demostrar que después de haberse hecho diligencias razonables para encontrarlas, no fué posible lograrlo por haberse extraviado.

Somos de opinión que el tribunal sentenciador erró al permitir que el testigo declarara acerca de lo que indicaban dichas placas, y que el error fué perjudicial al apelante. Aunque de acuerdo con las conclusiones de hecho de dicho tribunal, el demandado ocasionó otras lesiones al demandante, es evidente que la fractura del hueso parietal izquierdo y la depresión del mismo, fueron también consideradas para fijar y determinar la cuantía de la indemnización, sin que los autos nos permitan determinar hasta qué punto.

En vista de la conclusión anterior, es innecesario darle atención al sexto error apuntado.

*Aquélla parte de la sentencia de la que apeló el demandado, deberá ser revocada, y el caso devuelto al tribunal a quo para la celebración de un nuevo juicio, únicamente en cuanto a la reclamación del demandante.*