Argued and submitted March 15, 2013, affirmed February 26, petition for review denied August 7, 2014 (355 Or 879)

Patricia PIAZZA
of Farley, Piazza and Associates,
guardian ad litem for K. C. S.,
a minor,
*Plaintiff-Appellant,*

*v.*

STATE OF OREGON,
by and through its
Department of Human Services
and Oregon Youth Authority;
Krista Pratt, in her individual capacity;
Marcie Crawford, in her individual capacity;
Angela Dibrito, in her individual capacity;
Terra Scroggin, in her individual capacity;
Evelyn Hendrick, in her individual capacity;
Kenneth Hendrick, in his individual capacity,
*Defendants-Respondents.*

Marion County Circuit Court
09C17311; A146757

323 P3d 444

Richard Vangelisti argued the cause for appellant. With him on the briefs were Scott Kocher and Vangelisti Kocher LLP, and Lisa T. Hunt and Law Office of Lisa T. Hunt, LLC.

Rolf C. Moan, Senior Assistant Attorney General, argued the cause for respondents. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

A five-year-old boy, K, was sexually abused by a seven-year-old boy when they were left alone for a short time while in foster care together. Plaintiff, guardian ad litem for K, brought this action against the Department of Human Services (DHS), the foster parents, and several DHS employees, asserting negligence, strict liability (ORS 30.297), abuse of a vulnerable person (ORS 124.100), and federal section 1983 claims (42 USC § 1983). The trial court granted defendants' motion for directed verdict on the abuse of a vulnerable person claim, and the jury returned a verdict for defendants on the remaining claims. Plaintiff appeals and asserts that the trial court committed reversible error when it refused to read to the jury certain written admissions made by defendants, excluded as hearsay certain statements made by K to his parents, and granted a directed verdict on the vulnerable person claim. We affirm.

The background facts are undisputed. Plaintiff is the court-appointed guardian ad litem of K, a minor child. When K was five years old, DHS placed him in the foster home of Evelyn and Kenneth Hendrick. At the time of the placement, the Hendricks had another foster child in the home, an older boy of seven years old, who had a known history of sexually acting out with other children and required "eyes-on supervision with younger children." DHS communicated the older boy's history to the Hendricks and required the Hendricks to have a safety plan in place, which included not allowing the older boy to be alone with any children. Within three days of K's placement in the Hendricks' home, the older boy was left unsupervised with K for four to five minutes and, during that time, took off his pants and had K perform oral sex on him. Approximately three days after the incident, K was released to the custody of his father, who lives out-of-state.

Plaintiff brought this action against DHS, the Hendricks, the DHS foster home certifier who placed K in the Hendricks' home and her supervisor, and the two DHS case workers for K and the older boy. Specifically, plaintiff asserted negligence against all defendants, strict liability (ORS 30.297) against DHS, abuse of a vulnerable person

(ORS 124.100) against all defendants, and federal section 1983 claims (42 USC § 1983) against all the individual defendants. Defendants admitted that the Hendricks were negligent in their supervision of K and the older boy. Defendants denied any other liability, denied that defendants' actions caused K any damages, and denied that K suffered damages. Defendants also made several other written admissions in the case, including that all the individual defendants were agents or employees of DHS and were acting within the scope of that agency or employment, that DHS believed the home certifier had made an improper placement decision and falsely documented her decision, and that the abuse suffered by K "has the potential to increase the likelihood that [K] will suffer depression, anxiety, or relationship difficulties in the future."

Before trial, defendants brought a motion for partial summary judgment on plaintiff's claim for abuse of a vulnerable person. The trial court granted that motion in part and denied it in part. The court concluded that, based on the applicable statutory definitions, K was not "disabled" as a matter of law, but there existed a question of fact whether or not K was "incapacitated." At the close of plaintiff's case at trial, the court granted defendants' motion for directed verdict, concluding that plaintiff failed to adduce evidence that K was incapacitated as defined by statute.

The jury returned a special verdict for defendants on plaintiff's remaining claims. In the jury instructions and the verdict form, the jury was informed that defendants admitted to the Hendricks' negligent supervision of the children. As relevant to plaintiff's appeal, the jury then found that (1) the other defendants were not negligent, (2) the negligence of any defendant was not the cause of damage to K, and (3) the older boy's actions were not the cause of K's damages, as alleged by plaintiff.

Plaintiff asserts four assignments of error on appeal: (1) the trial court erred in refusing to give a jury instruction of written admissions made by defendants; (2) the trial court's standard instructions about admissions and argument of counsel confused and misled the jury about the effect of defendants' admissions; (3) the trial court erred in

excluding statements K made to his parents about the abuse; and (4) the trial court erred in granting a directed verdict to defendants on plaintiff's abuse of a vulnerable person claim. We first address plaintiff's first two assignments of error regarding the jury instructions.

During trial, plaintiff requested that, as part of the jury instructions, the court read to the jury written admissions made by defendants as conclusively established facts. Initially, plaintiff requested that the trial court read 44 separate admissions to the jury, many of which were repetitive of each other or redundant of uncontested evidence plaintiff elicited during trial. The trial court denied that request, but it informed plaintiff that it would consider reading to the jury a summary of admissions, if the fact admitted was not already proved by plaintiff at trial, but that summary would not be included as part of the instructions:

> "To the extent that you have not brought out that fact through a witness and wish to do it through the admission, then you may summarize that or ask me to summarize it, but I don't want to put them in the instructions because the written instructions go to the jury and I think it gives undue weight to a particular set of facts that I don't think is appropriate."

Plaintiff then submitted a new list of 11 admissions that she requested that the court read to the jury. The trial court denied plaintiff's request because it found that all the requested admissions were cumulative of what plaintiff had already proved at trial through witnesses:

> "And let me just be clear about my ruling. My ruling is that it's cumulative at this point. I think you could have stood up at the beginning and said there's certain things we don't need to prove, and the judge is going to tell you what those are [at] the end, and then we'd be in a different position. But to restate all of this now when we've spent two or three days hearing all of it, I don't know what purpose [it] serves."

However, the court allowed plaintiff to state any of the admissions to the jury during closing argument. Plaintiff took an exception to the trial court's ruling and then requested that, during closing, she be permitted to read the admissions

and tell the jury that they were conclusively established facts. The trial court allowed that and also added a jury instruction informing the jury that counsel would be referring to admitted facts in closing arguments. As relevant to plaintiff's assignments of error on appeal, the trial court instructed the jury as follows:

> "Statements made by the plaintiff or by the defendant that are unfavorable to that party are called oral admissions. A witness' testimony or other evidence about such statements is to be viewed with caution. In evaluating testimony or other evidence about an oral admission, you should consider two things. Whether the statement was clearly and understandingly made by the plaintiff or the defendant, and whether the language is correctly remembered and accurately reported by the witness. Before the trial began, defendants made certain admissions in papers filed which I instruct you are facts now conclusively established. The parties may identify and refer to such facts in their arguments."

Much earlier in the set of instructions, the court had also instructed the jury,

> "The attorneys' statements and arguments are not evidence. If your recollection of the evidence is different from the attorneys' recollection, you must rely on your own memory. *** Statements and arguments that you will hear from the attorneys are not evidence. They are intended to be helpful to you and I trust they will be helpful to you. As I said, if your recollection differs from what they say, rely on your own memory."

Plaintiff did not except to the trial court's refusal to read defendants' written admissions and did not except to any of the instructions on admissions or attorney statements following the court's instruction of the jury.

On appeal, plaintiff assigns error both to the trial court's refusal to give the summary admissions as an instruction to the jury and to the court's given instructions on admissions and attorney statements. At the outset, defendants argue that plaintiff did not preserve her assignments of error because she did not take exceptions following the court's reading of the instructions to the jury, as required by ORCP 59 H. The Supreme Court has recently clarified that

ORCP 59 H does not govern appellate rules of preservation of jury instruction error.[1] Instead, we are required to evaluate whether the error was preserved under our traditional preservation rules. *State v. Vanornum*, 354 Or 614, 631, 317 P3d 889 (2013). Accordingly, we must independently evaluate whether plaintiff has preserved her assignments of error even though plaintiff did not formally take exceptions following the court's instruction of the jury.

We conclude that plaintiff preserved only her assignment of error to the trial court's refusal to give defendants' written admissions to the jury as an instruction. With regard to that issue, plaintiff and the trial court engaged in a lengthy colloquy about the instruction. Plaintiff also formally took exception to the court's refusal to give the requested instruction during that colloquy. Plaintiff's argument and exception satisfied the purpose for otherwise requiring an exception to be taken after instructions are read, which is to inform the trial court of the purported error in the instruction and give the court an opportunity to correct it. *Klutschkowski v. PeaceHealth*, 354 Or 150, 163, 311 P3d 461 (2013).

Plaintiff, however, did not make a similar effort to notify the trial court of her objections to the instructions that the court gave about admissions and attorney arguments. Plaintiff admits that on appeal, but requests that we review the issue either because the instruction became erroneous due to the trial court's overall procedure, including failing to provide the jury with a copy of the admissions as purportedly promised (which plaintiff did not have opportunity to object to), or because giving the instruction was plain error. We decline to review plaintiff's unpreserved error on either basis. And, to the extent that plaintiff is attempting to change her assignment of error in her reply brief to one assigning error to the trial court's procedure or, more specifically, its failure to provide the jury with a copy of defendants' admissions—as opposed to asserting the assigned error to instructions given as stated in her opening brief— we will not address it. ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error

---

[1] Recent amendments to ORCP 59 H also are not relevant to our analysis.

was preserved in the lower court and is assigned as error in the opening brief * * *.").[2]

We also cannot review plaintiff's assignment of error as plain error. "For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to chose among competing inferences." *Vanornum*, 354 Or at 629. Plaintiff admits that the instructions given were legally correct. Plaintiff's argument is that those legally correct instructions, in context with counsel presenting the admissions for the first time to the jury during closing argument, created an erroneous or confusing impression on the jury as to the effect of the admissions. That argument requires us to choose among competing inferences that a jury could draw from the legally correct instructions in light of plaintiff's closing argument. Yet plaintiff has not made closing arguments part of the appellate record. We will not review asserted error as plain error if it requires us to choose among competing inferences; nor could we review it here without the complete record. Thus, we reject plaintiff's second assignment of error.

We now turn to the merits of plaintiff's first assignment. The trial court declined to instruct the jury on 11 of defendants' written admissions because they were cumulative of uncontroverted evidence already admitted during trial. However, the court permitted counsel to read the admissions to the jury during closing argument and to remind the jury that the admissions were conclusively established facts. Plaintiff argues that she was entitled to have the court instruct the jury on the content of the admissions and that, by failing to do so, the court allowed the jury to treat the admissions as argument of counsel rather than as conclusively established facts.

---

[2] Also, the record does not support plaintiff's argument that the trial court did not act in accordance with its ruling and statements to the parties. The trial court did not promise to provide the jury with a written copy of the admissions; the court only notified the parties that it would add an instruction that counsel would be referring to the written admissions in closing, which it did. The court did not mislead plaintiff about how the admissions would be handled; rather, it placed the burden on plaintiff to be clear in closing as to what constituted the conclusively established facts.

We conclude that the trial court did not err in refusing to give the requested jury instruction. In refusing to give an instruction there is no error "if the substance of the requested jury instruction, even if correct, was covered fully by other jury instructions given by the trial court. * * * Neither is there error if the requested jury instruction is not necessary in order to explain the particular issue or point of law to the jury." *Hernandez v. Barbo Machinery Co.*, 327 Or 99, 106, 957 P2d 147 (1998). Plaintiff admits that the court correctly instructed the jury that the written admissions "are facts now conclusively established." The trial court also was correct that plaintiff had already established all the facts contained in the admissions through uncontroverted evidence at trial, making the admissions at that point merely cumulative, and plaintiff does not contend otherwise. Plaintiff nevertheless contends that the court had an absolute duty to instruct the jury on the content of the admitted facts.

We do not agree that the court was required to include the content of the admissions as a jury instruction. Plaintiff's reliance on *Vale v. Campbell*, 123 Or 632, 263 P 400 (1928), for a duty of a trial court to instruct the jury on the particular content of party admissions is misplaced. In that case, although the Supreme Court stated that a trial court has a duty "to instruct the jury what admissions are made by the pleadings," the Supreme Court did not require the trial court to instruct on the content of the factual admissions. Because the trial court had correctly instructed the jury on the legal effect of a fact admitted in a pleading and the effect of the failure to deny or to admit a fact in a pleading, the Supreme Court concluded that the trial court did not err in refusing to give the plaintiff's requested instruction on the same issue. *Id.* at 638. In context, the statement by the Supreme Court in *Vale* does not create a duty to impart written admissions in a jury instruction, because the court was only addressing the duty of a trial court to correctly instruct the jury on what constitutes a written admission and its legal effect. Here, the trial court correctly instructed the jury on the law with respect to the effect of defendants' written admissions, and in an effort to remove confusion, also informed the jury that the parties would refer to those

written admissions in closing argument. If any confusion remained as to the legal effect of defendants' written admissions when plaintiff made her closing argument, it was not confusion caused by the trial court's instructions. Although a trial court's instruction on undisputed facts is not error, *R.J. Frank Realty, Inc. v. Heuvel*, 284 Or 301, 309, 586 P2d 1123 (1978), the trial court correctly observed that, under the circumstances, to repeat the admitted facts in a jury instruction would overemphasize their probative value. The trial court did not err when it declined to give the proposed instruction.

Turning to plaintiff's third assignment of error, we conclude that the trial court did not err in excluding as inadmissible hearsay statements that K made to his parents approximately four days after the abuse. At his deposition, K's father testified to the content of the excluded statements, which were K's responses to questions from his parents the day that his father picked him up from DHS. Defendants brought a motion *in limine* to exclude those statements, among others. In her response to that motion, plaintiff described the statements that are now at issue on appeal as follows:

> "Within hours of [K] being transferred from DHS custody to his father, [K]'s parents noticed him doing something out of the ordinary—sucking his thumb and moving it in and out of his mouth. This act led to a discussion in which [K]'s parents talked with him about what had happened in foster care. *** [K] made a number of disclosures, including: '[Older Boy] had done something bad ... I sucked on his wiener ... [Older Boy] had threatened [me].' *** In this 10 to 15-minute conversation with his parents, [K] was 'anxious' to stop talking about the subject. He also disclosed: '[Older Boy] had made [me] look at his butt ... [Older Boy] had sucked on [my] wiener, too ... [I] refused to look at [Older Boy's] butt ... [and Older Boy] said, if you don't, I will tell [the foster mother a falsehood about K breaking a toy].'"

(Record citations omitted; alteration to [K] added; ellipses and remaining alterations in original.) The trial court concluded that statements K made to his parents after the event are "inadmissible because they are hearsay statements of

memory and are not relevant to claims of damages." At trial, K's father only testified about K's thumb sucking behavior and that K was reluctant to talk about the incident with the older boy when he and K's mother questioned him.

Plaintiff assigns error to the trial court's exclusion of K's statements, arguing that they fell within an exception to the hearsay rule for statements of "then-existing state of mind, emotion, feeling, and bodily health, and not merely of memory," and because they were relevant to damages. In reviewing a trial court's evidentiary ruling on hearsay, we "will uphold the trial court's preliminary factual determinations if any evidence in the record supports them," and we review "the trial court's ultimate legal conclusion, as to whether the hearsay statement is admissible under an exception to the hearsay rule, to determine if the trial court made an error of law." *State v. Cook*, 340 Or 530, 537, 135 P3d 260 (2006).

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." OEC 801(3). Generally, hearsay is inadmissible unless it qualifies under an exception or exclusion from that general rule. OEC 802. At trial, plaintiff asserted that she was trying to admit the statements because "it goes to the fact that it occurred, the extent of what occurred, but particularly for this exception, that it's still something that the child is remembering. It's had an effect on him."

On appeal, plaintiff now argues that the statements were not being offered to prove what the older boy did or whether that conduct was in fact "bad," but only to prove how K felt about the events as inferred from his recollection of the events and his accompanying behavioral cues. Thus, plaintiff argues, K's statements to his parents were not hearsay. That was not plaintiff's argument below. Rather, plaintiff's proffered use of K's statements directly included a proffer to use them to prove the truth of matters asserted— that is, to prove that the acts K described had occurred. The record supports the trial court's implicit finding that plaintiff did offer the statements to prove what the older boy did; accordingly, father's testimony about K's statements to

him would have been hearsay subject to the general rule of inadmissibility.

To be admissible, K's statements had to fall within an exception to the hearsay rule. Plaintiff relied on OEC 803(3), which provides,

> "The following are not excluded by ORS 40.455 [hearsay rule], even though the declarant is available as a witness:
>
> "* * * * *
>
> "(3)  A statement of the declarant's then existing state of mind, emotion, sensation or physical condition, such as intent, plan, motive, design, mental feeling, pain or bodily health, but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of the declarant's will."

This exception to the rule against hearsay admits "statements of existing mental or emotional condition to prove the mental or emotional condition of the declarant at the time the statements were made." *State v. Richardson*, 253 Or App 75, 80, 288 P3d 995 (2012), *rev den*, 353 Or 714 (2013) (emphasis omitted). "[E]ven if a statement merely reflects the declarant's state of mind or reasonably supports an inference as to the declarant's state of mind, it constitutes an assertion of the declarant's state of mind for purposes of OEC 803(3)." *State v. Clegg*, 332 Or 432, 441, 31 P3d 408 (2001).

Plaintiff did seek to admit the statements to prove the emotional condition of K when he talked with his parents four days after the abuse. However, K's statements, as presented by plaintiff to the trial court, did not lend themselves to that use, and, therefore, are not admissible under the state-of-mind exception to the hearsay rule. All of the statements that plaintiff represented to the trial court that she sought to admit, save one discussed below, were strictly K's descriptions of the older boy's conduct or statements the older boy made to K. But nothing in the content of those statements raises an inference as to K's emotional state while making them. What gave rise to an inference of K's emotional state, which is implicitly conceded in plaintiff's

argument, were the behavioral cues that K used before and while remembering the events—sucking his thumb, appearing anxious and reluctant to talk, and clasping his hands over his mouth as if he was saying something bad—not the statements of memory themselves. The trial court was not asked to, and did not on its own, exclude descriptions of those behavioral cues. Moreover, the fact that K remembered the abuse and behaved in a particular manner while relating it did not require testimony as to the content of K's statements, which was the only thing the court excluded. The content of K's statements does not fall within the state-of-mind exception in OEC 803(3).

The only statement by K that was not merely a statement recounting the abusive conduct was, "[Older Boy] had done something bad." That statement does lend itself to an inference, albeit a marginal one, of how K felt about the abuse at the time he made the statements to his parents. However, plaintiff failed to alert the trial court to the possibility that that particular statement merited separate consideration, and, even were it error for the trial court to have excluded the statement, any such error was harmless because it was cumulative. In other evidence admitted at trial, K described the older boy's conduct as "bad." Thus, the trial court's exclusion of the evidence did not affect a substantial right of plaintiff. ORS 19.415(2); *Jett v. Ford Motor Co.*, 335 Or 493, 501, 72 P3d 71 (2003).

In plaintiff's final assignment of error, plaintiff argues that the trial court erred in granting a directed verdict on her abuse of a vulnerable person claim because there was evidence to submit the question of whether K was "incapacitated," under the statutory definition of that term, to the jury. We decline to address the merits of plaintiff's argument, however, because, even if the trial court erred in granting a directed verdict on the claim, it was not reversible error.

The legislature has directed, "No judgment shall be reversed or modified except for error substantially affecting the rights of a party." ORS 19.415(2). Thus, we will only reverse a trial court's decision if the purported error substantially affected the aggrieved party's rights. Defendants

argue that any error is harmless because, even if the jury had deemed K a vulnerable person, "nothing suggests" that the jury would have concluded that the abuse damaged him given its verdict. We agree with defendants.

Here, the jury answered no to the question, "Was the negligence of any defendant the cause of damage to [K]?" By that answer the jury could have determined that the negligence of any defendant could not have caused K's damages, or that K suffered no damages, or both. Plaintiff acknowledges that the question in the verdict form included both a question as to causation and a question as to damages. Consistently with a finding of no damages resulting from the abuse, the jury also answered "no" to the question in connection with the statutory strict liability claim, "Were Older Boy's actions the cause of the damages, as alleged by the plaintiff?" There was evidence in the record to support either jury determination that the abuse did not cause K damages or that K did not, and will not in the future, suffer the type of damages claimed by plaintiff, namely, past or future mental suffering and interference with K's normal and usual activities.

By bringing her abuse of a vulnerable person claim, plaintiff sought to impose liability against defendants for permitting the abuse of K to occur. However, the statutory claim required plaintiff to prove that the abuse by the older boy caused K damage before any recovery could be had. *See* ORS 124.100(2) ("*A vulnerable person who suffers injury, damage or death by reason of physical abuse* or financial abuse may bring an action against any person who has caused the physical or financial abuse or who has permitted another person to engage in physical or financial abuse." (Emphasis added.)). Thus, even if the trial court had submitted the vulnerable person claim to the jury, the jury would still have been asked to resolve the same causation and damages question that it was asked to resolve with respect to plaintiff's negligence and strict liability claims—a question that the jury decided in favor of defendants. We previously have concluded that where a jury verdict breaks the causal connection for a claim on which the court granted a directed verdict, any error in granting the directed verdict was harmless. *See A. G. v. Guitron*, 238 Or App 223, 234, 241 P3d 1188

(2010), *aff'd*, 351 Or 465, 268 P3d 589 (2011) ("The jury verdict in favor of Guitron on the sexual battery and intentional infliction of emotional distress claims breaks any causal connection between the claimed negligence by the academy in failing to put in place adequate policies to protect its students against sexual abuse by its dance instructors and the harm that plaintiff allegedly suffered.").

Plaintiff argues that the alleged error was not harmless because "[t]he jury simply never considered whether defendants' permitting the older foster child to sexually abuse [K] was a cause of damage to plaintiff under the [vulnerable person act]." Essentially, plaintiff asserts that the jury would be asked to address a different question of causation and damages if the liability arose from DHS "permitting the older foster child to sexually abuse [K]," rather than from the Hendricks' negligent supervision of the children that permitted the older boy to sexually abuse K. We cannot agree. Whether K was damaged "by reason of" the older boy's abuse, as required by the abuse of vulnerable person claim, raised exactly the same question as the causation and damages questions posed to the jury with respect to plaintiff's negligence and strict liability claims: did K experience, or will he experience in the future, mental suffering or interference with his usual activities because of the abuse by the older boy? Abuse by the older boy was the only harm plaintiff alleged that K suffered and plaintiff's evidence of damage addressed only that harm. The jury answered no, the older boy's actions did not cause the damages plaintiff alleged, and we are bound by that factual finding on appeal because sufficient evidence supports it. Because any error was harmless, we affirm the trial court's grant of defendants' directed verdict motion on plaintiff's abuse of a vulnerable person claim.

Affirmed.